

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~WILLWILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. O. Walton, President
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. O-3779
Re: Payment by A. & M. College of Army officers employed at the College.

Your letter of July 17, 1941, states that at present you have on duty at the College approximately thirty United States Army officers, in the following categories:

1. Officers of the regular Army on the active list.

2. Officers of the regular Army on the retired list, called to active duty.

3. Officers of the reserve corps called to active duty for periods of one year.

From your letter, it appears that these Army officers on active duty are detailed for R. O. T. C. duty at the College, and are employed by the College to serve the positions of Commandant, Assistant Commandant, and tactical officers, for the control and exercise of discipline of the cadet corps, as well as non-military students.

Your question, as we understand it, is whether you may pay to these Army officers, who have accepted and who hold and exercise the positions of Commandant, Assistant Commandant, and tactical officers, the salary appropriated by the Legislature for such positions.

Your inquiry involves the provisions of the Texas Constitution, to-wit, Article 16, Section 33, and Article 16, Section 40.

Article 16, Section 33, of the Constitution, provides as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation

as agent, officer or appointee, who holds at the
same time any other office, or position of honor,
trust or profit, under this State or the United
States, except as prescribed in this Constitution.
Provided, that this restriction as to the drawing
and paying of warrants upon the treasury shall
not apply to officers of the National Guard of Texas,
the National Guard Reserve, the Officers Reserve
Corps of the United States, nor to enlisted men of
the National Guard, the National Guard Reserve, and
the Organized Reserves of the United States.  (Sec.
33, Art. 16, adopted election November 2, 1926;
proclamation January 20, 1927.)"

Article 16, Section 40, provides:

"No person shall hold or exercise, at the same
time, more than one civil office of emolument, ex-
cept that of justice of peace, county commissioner,
notary public and postmaster, officer of the National
Guard, the National Guard Reserve, and the Officers
Reserve Corps of the United States, and enlisted men
of the National Guard, the National Guard Reserve,
and the organized Reserves of the United States,
unless otherwise specially provided herein.  Pro-
vided, that nothing in this Constitution shall be
construed to prohibit an officer, or enlisted man
of the National Guard, and the National Guard Reserve,
or an officer in the Officers Reserve Corps of the
United States, or an enlisted man in the Organized
Reserves of the United States from holding in con-
junction with such office any other office or position
of honor, trust or profit, under this State or the
United States.  (Adopted election November 2, 1926;
proclamation January 20, 1927.)"

In the case of Carpenter v. Sheppard, 145 S. W. (2d)
562, our Supreme Court held that an officer of the Texas Na-
tional Guard ordered into the active military service of the
United States and engaged as an officer in such service, re-
mained "so far as Texas is concerned", as respects the ap-
plication of the provisos to Article 16, Sections 33 and 40,
an officer in the Texas National Guard.  In other words, the
Court held that, as respects the application of Article 16,
Sections 33 and 40, the officer is classified according to
the status of origin -- that the proviso was intended by the
people to apply to the National Guard officer even after he
acquired the status of an officer in the active military
service of the United States, since he was ordered into that
service by virtue of his original status as National Guard
officer.

This holding cannot logically or reasonably be restricted to National Guardsmen, but must also be applied to persons in the other exempted classifications. Hence, for instance, a reserve officer or a retired Army officer, ordered as such into active service, still occupies, so far as the application of the exemptions contained in the provisos to Article 16, Sections 33 and 40, are concerned, his status of origin -- to-wit, the status of reserve officer or retired Army officer.

From what has been said, it follows that Article 16, Sections 33 and 40, by virtue of the provisos, do not prohibit retired Army officers and officers of the reserve corps, ordered to active duty, from holding a civil office under this State, or from receiving compensation from the State for services rendered as a civil officer, agent, or employee, of the State, while in such active military service of the United States.

The officer of the regular Army, on the active list, however, is not within the provisos to Article 16, Sections 33 and 40. He is not in the active military service by reason of an order operating upon him as a member of one of the exempted classifications. Consequently, the officer of the regular Army on the active list employed by the College, by virtue of the provisions of Article 16, Section 33, cannot be paid the compensation attaching to his employment by the College for the period of time that he remains an officer of the regular Army on the active list.

Summarizing the above, we advise that officers of the regular Army on the active list may not be paid from your appropriations for service rendered as officers, agents, or employees of A. & M. College. Officers of the reserve corps and retired Army officers, ordered as such to active duty under the United States, may be paid for services rendered as officers, agents, or employees of the College, though such services are rendered while they are in active service under the United States -- provided, of course, that appropriations to pay for the services rendered are available to you for expenditure.

Your letter refers to an opinion which you state was written by this department on April 5, 1941. This opinion, according to the statement contained in your letter, held that under the provisions of the Constitution of the State of Texas, various agencies and departments of the State government could not supplement salaries of Army officers that might be assigned to duty in connection with departments of the State government.

The question is not one of supplementing salaries received by Army officers from the Federal Government, but one

of authority to pay, under the provisions of Article 16, Section 33, of the Constitution, one who serves for compensation as an officer, agent, or employee of the State while at the same time  holding an office or position of honor, trust, or profit under the Federal government.

A search of the records of this department does not reveal that we wrote on April 5, 1941 and opinion so broadly phrased as indicated in your letter.  The opinion to which you refer is apparently No. O-3335, copy of which is enclosed herewith for your information.  You will observe that this opinion, in the last two sentences of the last paragraph, states:

"Your question, as we understand it, relates to men who are not in the National Guard nor any of the other exceptions listed in the above Constitutional provision.  Hence we are compelled to answer your question in the negative."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Richard W. Fairchild
Richard W. Fairchild
Assistant

RWF:fs:wc
Enclosure

APPROVED  AUG. 9, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by REKChairman